UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF DEPUTY GONZALEZ,<br><br>Defendant. | Case No.: 15-CV-573-JLS(WVG)<br><br>**FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR INJUNCTION FOR PRISON TRANSFER AND OTHER ORDERS**<br><br>**[Doc. No. 76.]** |

Plaintiff Keith Wayne Sekerke appears *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. By the instant motion, Plaintiff seeks an injunction, asking the Court to order the California Department of Corrections and Rehabilitation ("CDCR") to transfer him to a different prison and to order prison guards to cease assaulting, and retaliating against, him. (Doc. No. 76.) This Court respectfully RECOMMENDS that Plaintiff's motion for injunctive relief be DENIED.

This action proceeds on Plaintiff's Eighth Amendment claim for excessive force when Plaintiff was a pre-trial detainee on July 9, 2014. He alleges the Defendant, San Diego County Sheriff Deputy Gonzalez, used excessive force against him in a courtroom of the San Diego Superior Court. He claims Defendant strangled him and assaulted him in various other ways while Plaintiff was restrained in chains.

On April 10, 2017, Plaintiff filed the instant motion, seeking an injunction asking the Court to order the CDCR to transfer him to another prison and to order the guards at the Kern Valley State Prison to cease assaulting him and retaliating against him for attempting to litigate this lawsuit.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, Plaintiff requests a transfer to a different prison because his access to the law library at Kern Valley State Prison is allegedly being impeded and the guards have

assaulted him for litigating this case. However, the equitable relief Plaintiff requests is not sufficiently related to his underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts. Plaintiff's underlying claims are against San Diego County Deputy Sheriff Gonzalez and occurred in a courtroom of the San Diego Superior Court. His claims do not involve Kern Valley Prison or any CDCR prison guard. Any alleged actions taken against him several years after Defendant Gonzalez allegedly assaulted him and in a location hundreds of miles away from San Diego are separate and distinct from the underlying facts of this case. Thus, ordering Plaintiff transferred to a different prison would not address or redress any alleged injury in the instant case.

Based on the foregoing, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. Any alleged guard assaults or retaliation against Plaintiff at Kern Valley State Prison in Delano, California are factually disconnected from, and unrelated to, the core facts of this case and are properly the subject of a separate section 1983 action if Plaintiff chooses to pursue that route. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order directing that prison officials transfer him to a different prison. The Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged excessive force on July 9, 2014. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **No later than May 20, 2017**, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

DATED: April 17, 2017

Hon. William V. Gallo
United States Magistrate Judge