# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>        Plaintiff,<br><br>v.<br><br>JOSE GONZALEZ, *et al.*,<br><br>        Defendants. | Case No.: 15-CV-00573-JLS-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL AND EXPERT WITNESS**<br><br>**[ECF No. 64]** |

Plaintiff Keith Sekerke, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging violations of his rights under the Eighth and Fourteenth Amendments. Plaintiff now moves for appointment of counsel and expert witness. For the reasons set forth below, the Court **DENIES** both motions without prejudice.

## **BACKGROUND**

The Court has recited the facts and allegations of this case in two recent orders. (*See* ECF Nos. 73, 78.) Thus, the Court will simply note at this point that there has been extensive litigation since Plaintiff filed his Complaint. In the present motions, Plaintiff moves the Court to appoint counsel and an expert witness on his behalf, claiming exceptional circumstances exist to warrant the appointment of counsel. (ECF No. 64 at 6:22-26.) However, Plaintiff does not articulate the legal or factual basis for the

appointment of an expert witness on his behalf. Defendants timely filed a Response in Opposition. (ECF No. 71.)

## **MOTION TO APPOINT COUNSEL**

Plaintiff argues that good cause exists for the appointment of counsel. Plaintiff claims that exceptional circumstance exist because "disabilities" prevent him from understanding the courts orders. (ECF No. 64 at 6:22-27.) Additionally, Plaintiff claims the action is complex such that it creates an exceptional circumstance because Plaintiff will need to "investigate and adequately litigate" the state of mind of Defendants including the taking of depositions. (ECF No. 64 at 10:4-7.) Further, Plaintiff is claiming documents are being withheld by the San Diego County Sheriff's Department because an attorney needs to make the request. (ECF No. 64 at 9:13-16.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled *en banc* on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's arguments are not persuasive. At the outset, the Court notes that Plaintiff has filed a First Amended Complaint, (ECF No. 42,) which Defendants have Answered,

(ECF No. 45.)[1] At this stage in the litigation, the Court is unable to determine whether Plaintiff will succeed on the merits.

Plaintiff fails to elaborate as to what disability prevents him from understanding court orders. The record indicates Plaintiff indeed understands, and complies with, court orders. (*See, e.g.*, ECF No. 80, 68, 61, 58, and 56.) Additionally, factual disputes and anticipated examinations of witnesses do not warrant the finding of exceptional circumstances nor does it warrant the finding that a case is complex. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *see also Meeks v. Nunez*, 2017 WL 117300 *2 (finding that exceptional circumstances do not exist where a *pro se* plaintiff needs assistance with the investigation and discovery of the case). Moreover, Plaintiff's attachments to the motion demonstrate that he is able to investigate and develop an evidentiary record. Plaintiff attached a document labeled 'Exhibit G' that appears to be an affidavit of a witness to the events in question supporting Plaintiff's claims. (See ECF No. 64 at 91.) This exhibit, along with Plaintiff's numerous filings, demonstrates to the Court that Plaintiff is able to investigate and litigate the matter.

Plaintiff's claim that he needs an attorney to retrieve documents from the San Diego County Sheriff's Department is equally without merit as the exhibit attached by Plaintiff shows this to be a misstatement of the requirement. The San Diego County Sheriff's Department response to the medical records request shows Plaintiff needed to sign a release and pay a fee, and that access to Plaintiff's records was not denied on the basis he is not an attorney. (*See* ECF No. 64 at 20.)

For these reasons, the Court **DENIES** Plaintiff's motion to appoint counsel without prejudice.

---

[1] While there have been numerous fillings in the matter, these are the only filings to date that relate directly to the merits of the claim.

# MOTION TO APPOINT EXPERT WITNESS

Plaintiff also moves the Court for the appointment of an expert witness. However, Plaintiff has not articulated what field of expertise is needed to litigate the matter. Further, Plaintiff offers no factual or legal basis for such an appointment. Assuming, *arguendo*, the Court applies all of Plaintiff's reasoning for the appointment of counsel to the argument for the appointment of an expert witness, the request similarly fails.

The Federal Rules of Evidence allow a District Court to appoint an expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); *see also McKinney v. Anderson*, 924 F.2d 1500, 1510 (9th Cir.1991), *cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991) *and judgment reinstated*, 959 F.2d 853 (9th Cir.1992), *aff'd sub nom. Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir.2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Manriquez v. Huchins*, 2012 WL 5880431, * 12 (E.D. Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, 2013 WL 524037, *2 (S.D. Cal. 2013). When addressing whether the Court should appoint an expert, the Court should examine whether there exists complex scientific, technical, or other specialized trial issues. *Compare McKinney v. Anderson*, *supra* at 1511 (recommending the district court appoint counsel to pro se prisoner plaintiff considering the complexity of the scientific evidence regarding the health effects of second hand smoke), *with Faletogo*, *supra* at *1 (finding that an excessive force claim was not so complex as to require the testimony of expert witnesses to assist the trier of fact).

The Court finds the issues involved in Plaintiff's excessive force claim are not so complex as to require the testimony of expert witnesses to assist the trier of fact. *See, e.g.*, *Faletago*, *supra* at *1-2 (in a civil rights action in which the plaintiff claimed law enforcement assaulted him in violation of the Eighth Amendment, the court found an expert witness was unnecessary for such a claim because there was no scientific, technical, or specialized knowledge required to understand the evidence or determine a fact). Because Plaintiff does not identify an issue that requires scientific, technical, or specialized knowledge, the exceptional circumstances which might require the appointment of an expert witness do not exist.

Accordingly, Plaintiff's request for appointment of counsel and expert witness is **DENIED** without prejudice.

## CONCLUSION

For the reasons set forth above, both Plaintiff's motion for appointment of counsel and appointment of an expert witness are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 19, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge