UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF DEPUTY GONZALEZ; DEPUTY JOHN DOE; LISA GUIGUITE STARK, DDA; JOHN AND JANE DOES, DDA, et al.,<br><br>Defendants. | Case No.: 15cv573-JLS (WVG)<br><br>**ORDER: (1) OVERRULING PLAINTIFF'S R. & R. OBJECTIONS; (2) ADOPTING R. & R. (3) AND DENYING *EX PARTE* REQUEST FOR A PRISON TRANSFER AND MOTION FOR INJUNCTION**<br><br>(ECF Nos. 76 & 78) |

Presently before the Court is Plaintiff's Motion and *Ex Parte* Request for a Prison Transfer and Order upon California Department of Corrections and Rehabilitation ("CDCR") Officials to Stop Retaliation and Assaults and Injunction ("Transfer Mot."). (ECF No. 76.) Approximately five days after the Court received the Transfer Motion, Magistrate Judge William V. Gallo submitted a Report and Recommendation ("R. & R.") recommending that the Court deny Plaintiff's requested relief. (ECF No. 78.) Plaintiff subsequently filed two sets of Objections. (Pl.'s Objs. to Magistrate Judge's Findings and Recommendation ("Obj. I"), ECF No. 83; Pl.'s Suppl. Objs. to Magistrate Judge's Findings and Recommendations ("Obj. II"), ECF No. 84.) Having reviewed Judge Gallo's

///

1

Report and Recommendation, as well as Plaintiff's Transfer Motion and Objections, the Court **DENIES** Plaintiff's Transfer Motion.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2)(A)–(C).

In the present case, Plaintiff's Transfer Motion seeks an injunction ordering "the CDCR to transfer him to another prison and to order the guards at Kern Valley State Prison to cease assaulting him and retaliating against him for attempting to litigate this lawsuit." (R. & R. 2.) However, as Judge Gallo correctly noted, Plaintiff's claims in this lawsuit "are against San Diego County Deputy Sheriff Gonzalez and occurred [approximately three years ago] in a courtroom of the San Diego Superior Court." (*Id.* at 3.) Accordingly, neither CDCR nor any guard at Kern Valley State Prison are a party to this lawsuit, and "ordering Plaintiff transferred to a different prison would not address or redress any alleged injury" set forth in the operative Complaint "in the instant case." (*Id.*) Otherwise put, the relief Plaintiff requests—presented within the procedural posture of this lawsuit—falls outside of the permissible jurisdictional scope set by Federal Rule of Civil Procedure 65 and binding case law. This is fatal to Plaintiff's request. (*See* R. & R. 3 ("Any alleged guard assaults or retaliation against Plaintiff at Kern Valley State Prison in Delano, California are factually disconnected from, and unrelated to, the core facts of this case and are properly the subject of a separate section 1983 action if Plaintiff chooses to pursue that route.").)

And Plaintiff's Objections cannot skirt this threshold jurisdictional requirement. Plaintiff's first Objections focus on the threats and assaults he has allegedly endured while in prison, as well as denials of access to the Prison Law Library, which have made it so that he cannot "effectively prosecute [his] claims." (*E.g.*, Objs. I 2.) Plaintiff's second Objections again focus on denials of access to the Prison Law Library, recounting various interactions with the Prison law librarians, and a general lack of Prison staffing. (Objs. II 1–5.) Even taking these objections as true, however, they do nothing to alleviate the jurisdictional deficiencies noted above. (*See, e.g.*, Objs. II 3 ("I do know and believe I'm being retaliated against for REASONS UNRELATED to this case, but since this prison does not have enough staff to provide meaningful access to [the] law library for all the prisoners, it[']s [a] justifiable reason for the Court to intercede." (capitalization in original).).)[1]

Given the foregoing, the Court:

(1) **OVERRULES** Plaintiff's Objections;

(2) **ADOPTS** Magistrate Judge Gallo's Report and Recommendation; and

(3) **DENIES** Plaintiff's Transfer Motion in its entirety.

**IT IS SO ORDERED.**

Dated: May 26, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff also seemingly requests a stay of the action if the Court does not grant relief: "[P]erhaps [t]he Honorable Court will stay the proceedings, please, until I get released or until this prison can hire the proper amount of staff." (Obj. II 3.) However, a Supplemental Objection to a Magistrate Judge's Report and Recommendation is not the proper place to request a new and distinct form of relief, especially one as drastic as a stay. Among other things, Defendant should have the chance to respond to such a request.

3

15cv573-JLS (WVG)