UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KEITH WAYNE SEKERKE, | Case No.: 15-CV-0573-JLS (WVG) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REINSTATE DISMISSED DEFENDANT [ECF NO. 88]** |
| v. | |
| JOHN DOE GONZALEZ, et al., | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Keith Wayne Sekerke's ("Plaintiff") Motion to Reinstate Dismissed Defendant Lisa Stark pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). (Mot., ECF No. 88.)[1,2] For the reasons that follow, the Court **RECOMMENDS** Plaintiff's motion be **DENIED WITH PREJUDICE**.

## II. BACKGROUND

On March 12, 2015, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983. (ECF No. 1.) On July 31, 2015,

---

[1] Citations refer to document numbers assigned by the Court's ECF system.
[2] Plaintiff brought the motion pursuant to Rules 59(e) and 60(b). (Mot. at 2.) However, Rule 59(e) pertains to relief from final judgment, which has not been reached in this matter. Therefore, it is not applicable.

1

Stark filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 11.) This Court filed a Report and Recommendation ("R&R") recommending Stark be dismissed from the case. (ECF No. 21.) Plaintiff did not file an objection to this R&R. On March 18, 2016, The Honorable Janis L. Sammartino adopted the R&R and dismissed Stark without prejudice. (ECF No. 32.)

On July 19, 2016, Plaintiff filed a First Amended Complaint and again named Stark as a defendant. (ECF No. 42.) On August 2, 2016, Stark filed another Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 44.) On December 1, 2016, the parties filed a Joint Motion to Dismiss Stark pursuant to Rule 41(a). (ECF No. 58.) On December 2, 2016, Judge Sammartino dismissed Stark without prejudice. (ECF No. 59.)

On May 30, 2017, Plaintiff filed the instant Motion, requesting the court reinstate Stark as a defendant. On June 30, 2017, Stark, in a special appearance, filed an Opposition to Plaintiff's Motion. (Opp'n ECF No. 92.) On July 25, 2017, Plaintiff filed a reply to Stark's Response. (Pl.'s Resp., ECF No. 96.)

### III. **STANDARD OF REVIEW**

Pursuant to Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligengce, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1) - (6).[3]

Rule 60(b)(1) relief is unavailable to parties who simply misunderstand the legal consequences of their deliberate acts. The Ninth Circuit has explained that "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge [ ]." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006). Further, "parties should be bound by and accountable for the deliberate actions of themselves [ ]." *Id.* "[A] party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney." *Id.*

Rule 60(b)(6) "is used sparingly [ ]." *Id.* at 1103. "Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.*

## IV. <u>DISCUSSION</u>

Plaintiff asserts two arguments in support of his motion: (1) he mistakenly believed he could compel discovery from Stark after her dismissal from the case; and (2) that he was mentally incompetent at the time he agreed to file the joint motion to dismiss Stark. Neither of these arguments is persuasive.

### A. Rule 60(b)(1) Relief

Plaintiff claims that "through [his] mistake," he thought he could compel discovery from Stark even after having dismissed her from the action. (Mot. at 4:27 – 5:7.) However, the Ninth Circuit has made clear that a "poor litigation decision" made due to "inaccurate information" is not sufficient reason for relief pursuant to Rule 60(b)(1). *Latshaw*, 452 F.3d at 1101. The Court finds that Plaintiff's mistaken action due to incomplete or incorrect information amounts to nothing more than a poor litigation decision and relief pursuant to Rule 60(b)(1) is not warranted.

---

[3] Plaintiff did not specify which specific subsection of Rule 60(b) he wished to use for relief. However, a thorough reading of the motion makes clear that subsections (2) – (5) are inapplicable. Thus, the Court construes the motion is seeking relief pursuant to Rule 60(b)(1) and (b)(6).

**B. Rule 60(b)(6) Relief**

Plaintiff then goes on to argue that he was not mentally competent at the time he signed the joint motion to dismiss Stark, and was in an "Extensive Outpatient Program" from October, 2016 through March, 2017. (Mot. at 5:9-15.) Plaintiff attached 79 pages of documents in support of this contention. However, the documents attached are insufficient to show that Plaintiff was mentally incompetent at the time he signed the joint motion requesting Stark's dismissal. Even assuming Plaintiff was mentally incompetent until March, 2017, Plaintiff has provided no explanation for his delay beyond March, 2017.

Moreover, Plaintiff's claims of mental incompetence are belied by the record. As Stark points out, Plaintiff made numerous filings during the time in which he claims he was mentally incompetent. (Opp'n at 4:8 – 18.) Indeed, Plaintiff filed seven different documents during the time he is now claiming he suffered from mental incompetence, all of which are cogent, well written documents that demonstrate an understanding of the proceedings. (*See* ECF Nos. 51, 53, 56, 61, 64, and 68.) Moreover, Plaintiff appeared before this Court in a Mandatory Settlement Conference on October 25, 2016. (ECF No. 54.) At that appearance, Plaintiff was able to articulate the facts of the case, his claims, and his desired remedy. At no time did it appear to the Court that Plaintiff suffered from a diminished mental capacity.

Lastly, Plaintiff has not shown he will suffer an injury as a result of Stark remaining a dismissed party.

Since Plaintiff has failed to demonstrate both injury and a circumstance beyond his control, Plaintiff is not entitled to relief pursuant to Rule 60(b)(6).

**C. Denial With Prejudice**

The Court finds that the present motion is nothing more than a thinly veiled attempt to reopen discovery. Plaintiff requests the Court rescind its order dismissing Stark in order to compel Stark to reply to requests for admissions and interrogatories. (Mot. at 3:4-7.) Plaintiff now claims he was unaware that dismissing Stark would foreclose his ability to serve any discovery on her. However, on December 12, 2016, after dismissing Stark and

after the deadline by which to complete discovery, Plaintiff requested an extension of discovery deadlines and indicated he intended to "subpoena" Stark. (ECF No. 61 at 2:17-20.) This request demonstrates to the Court that Plaintiff was aware he could subpoena Stark during the discovery process. The Court granted Plaintiff's motion and allowed him until April 13, 2017 to complete fact discovery. (ECF No. 62.) After again complaining he was confused as to the discovery deadlines and missing yet another fact discovery deadline, Plaintiff submitted another request to continue discovery deadlines on April 17, 2017. (ECF No. 80.) The Court denied this request. (ECF No. 81.)

Given Plaintiff's continued failures to complete discovery by clearly stated deadlines and Plaintiff's present relief being sought on the basis of discovery, the Court **RECOMMENDS** the motion be **DENIED WITH PREJUDICE**.

## V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED WITH PREJUDICE**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **February 9, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 16, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: January 8, 2018

Hon. William V. Gallo
United States Magistrate Judge