UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KEITH WAYNE SEKERKE,

Plaintiff,

v.

JOHN DOE GONZALEZ, et al.,

Defendants.

Case No.: 15-CV-573-JLS(WVG)

**REPORT AND RECOMMENDATION ON (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND (2) PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**[Doc. Nos. 90, 101.]**

Pending before the Court is Defendant Jose Gonzalez's motion for summary judgment and Plaintiff's cross-motion for summary judgment. After reviewing the parties' submissions and for the reasons stated below, the Court **RECOMMENDS** Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

## I. PROCEDURAL BACKGROUND

Keith Wayne Sekerke ("Plaintiff") filed the instant lawsuit pursuant to 42 U.S.C. Section 1983, alleging excessive force in violation of the Eighth Amendment against San Diego County Sheriff's Deputy Jose Gonzalez ("Defendant") along with due process and

equal protection violations against San Diego Assistant District Attorney Lisa Stark.[1] (FAC, ECF No. 42.) Defendant filed the pending motion for summary judgment on June 27, 2017. (Def's Mot., ECF No. 90.) Plaintiff timely filed an opposition on September 5, 2017. (Pl's Opp'n, ECF No. 99.) On September 7, 2017, Plaintiff untimely filed a cross-motion for summary judgment.[2] (Pl's Mot., ECF No. 101.)

## II. FACTUAL BACKGROUND

### A. Plaintiff's Version

On July 9, 2014, Plaintiff appeared in San Diego Superior Court regarding a parole violation. Plaintiff was attempting to represent himself in the matter, over the objection of Defendant. Plaintiff was in full waist and ankle restraints, with his arms crossed in front of his body. While being escorted out of the courtroom, Defendant, for no reason, grabbed Plaintiff's jumpsuit and punched Plaintiff in the back. Plaintiff turned to address Defendant when Defendant suddenly and without provocation began to choke Plaintiff. Plaintiff collapsed to the ground and Defendant proceeded to drive his knee into Plaintiff's head. As a result of Defendant's actions, Plaintiff suffered injuries.

### B. Defendant's Version

On July 9, 2014, Plaintiff appeared in San Diego Superior Court regarding a parole violation. Plaintiff was in full waist and ankle restraints, with his arms crossed in front of

---

[1] On December 1, 2016, the parties jointly moved to dismiss Stark. (*See* ECF No. 58.) The Honorable Janis L. Sammartino granted the motion and dismissed Stark without prejudice on December 7, 2016. (*See* ECF No. 59.) However, on May 30, 2017, Plaintiff moved to reinstate Stark as a defendant. (*See* ECF No. 88.) This Court has recommended Plaintiff's motion to reinstate be denied. (*See* ECF No. 108.) As of the date of this Report and Recommendation, Stark remains dismissed and the allegations against her will not be discussed.

[2] All dispositive motions were due on August 14, 2017. (*See* ECF No. 62 ¶ 8.) Plaintiff did not file his cross-motion for summary judgment until September 7, 2017, over three weeks late. Accordingly, the Court **RECOMMENDS** Plaintiff's cross-motion be **DENIED** as untimely.

his body. Defendant grabbed the back of Plaintiff's jumpsuit in order to guide him out of the courtroom. Plaintiff suddenly attempted to turn towards Defendant, thrashing his torso in an attempt to break free from Defendant's grasp. Defendant pinned Plaintiff against a wall while two other deputies, deputies Townsend and Lewis, aided in attempting to control Plaintiff. The three deputies guided Plaintiff to the ground. Once Plaintiff became calm, the deputies escorted Plaintiff back to county jail without incident where he was examined by medical personnel.

## III. DISCUSSION

### A. Evidentiary Objections

Before proceeding to the merits of the motion, the Court must first address an evidentiary objection made by Plaintiff.

Plaintiff objects to the consideration of Defendant's expert report. Plaintiff argues that because the expert report is not sworn under penalty of perjury, the expert report should not be considered pursuant to Federal Rule of Civil Procedure ("Rule) 56(e). (Pl's Decl., ECF No. 99-1 at 15.) *See*, *e.g.*, *Am. Fedn. Of Musicians of the United States v. Paramount Pictures Corp.*, 2016 U.S. Dist. LEXIS 78740, at *14-15 (C.D. Cal. 2016) (sustaining objection to expert report not submitted under penalty of perjury); *Kelly v. Echols*, 2008 U.S. Dist. LEXIS 79801, at *14-15 (E.D. Cal. Sept. 2, 2008) ("'Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.'") (quoting *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (expert's report attached to the declaration of plaintiff's counsel does not comply with Rule 56(e), since "[t]he substance of th[e] report was not sworn to by the alleged expert").

Plaintiff's objection is **SUSTAINED**. Defendant's expert report is not signed under penalty of perjury and the Court declines to consider the report pursuant to Rule 56(e).

### B. Argument

Defendant claims he is entitled to qualified immunity, and thus summary judgment,

3

because Plaintiff cannot establish that Defendant violated Plaintiff's constitutional right and that Plaintiff cannot show that any such right was established at the time of Defendant's alleged misconduct.

### C. Legal Standard for Summary Judgment

Summary judgment is properly granted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Id*. at 323. Where the moving party does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id*. at 325.

Once the moving party satisfies the requirements of Rule 56, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Id*. at 324.

"A conclusory, self-serving affidavit, lacking any detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). However, "the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015).

### D. Legal Standard for Qualified Immunity

In considering whether an officer is entitled to qualified immunity, the Court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). When considering qualified immunity, the Court is "limited to considering what facts the officer could have known at

the time of the incident." *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017). A district court may address these questions in the order most appropriate to "the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 242 (2009). Thus, if a court determines that Plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

### E. Violation of a Constitutional Right

#### 1. Legal Standard

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate . . . the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (internal quotation omitted). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9.

The extent of injury suffered by the plaintiff may indicate the amount of force applied. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.*

/ / /

## 2. Analysis

### i. Injury Suffered By Plaintiff

The nature and extent of Plaintiff's injury must be considered in determining whether the evidence supports a reasonable inference that Defendant's use of force was motivated by malicious or sadistic intent. "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38.

The medical records submitted by both parties indicate that within thirty minutes of the use of force, Plaintiff had no difficulty breathing, no bruising, and no pain. (*See* Pl.'s Opp'n. at 19; Gonzalez Decl. Ex. F.) Rather, the medical report indicated that Plaintiff only had "mild redness" at the jaw line. Plaintiff has provided no evidence that demonstrates any further injury. Accordingly, this factor weighs in favor of Defendant when viewing the facts in the light most favorable to Plaintiff.

### ii. Need for Application of Force

The Ninth Circuit has held that "the force that was applied must be balanced against the need for that force: it is the need for force which is at the heart of the [excessive force determination]." *Alexander v. City and County of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994). Where there is no need for force, any force used is objectively unreasonable for constitutional purposes. *See P.B. v. Koch*, 96 F.3d 1298, 1303-04 & n.4 (9th Cir. 1996).

Here, there was a need for force because even viewing facts and making inferences in the light most favorable to Plaintiff, the record shows that Defendant exerted force to restrain Plaintiff, not to maliciously and sadistically inflict pain. It is undisputed that an altercation occurred between Plaintiff and Defendant. Reports *submitted by Plaintiff* consistently state that while being guided by Defendant, Plaintiff began to struggle with Defendant. (*See* Pl's Decl. at 48-52.) Moreover, Plaintiff does not dispute the following facts, which are included in evidence *he* provided. Deputy Lewis stated that Plaintiff was seen "thrashing his body around in an attempt to pull away" from Defendant's grasp. (*Id.*

at 52.) Deputy Townsend stated that while being escorted out of the courtroom, Plaintiff "began to thrash and struggle" with Defendant, and that while "wearing restraints, he was violently twisting his torso around." (*Id*. at 53.) Thus, the evidence *submitted by Plaintiff* shows that Defendant exerted force in order to restrain Plaintiff.

Plaintiff claims that he did not resist, was "not noncompliant," and never "put any person in any risk." (Pl's Opp'n at 15:20-23.) However, this self-serving declaration is conclusory in nature, is not supported by any evidence, and even contradicts statements later made by Plaintiff. In his Declaration, Plaintiff admits that while Defendant was directing Plaintiff out of the courtroom, Plaintiff attempted to turn toward Defendant to "cuss him out[.]" (Pl's Decl. at 9:6-9.) This admission is consistent with the other evidence provided by both Plaintiff and Defendant. The Court declines to find that Plaintiff's self-serving declaration creates a genuine issue of material fact.

The Court finds that this factor weighs in favor of Defendant.

### iii. Relationship Between Need For Force And Amount Of Force Used

"Whether the disturbance is a riot or a lesser disruption, correction officers must balance the need to 'maintain or restore discipline' through force against the risk of injury to inmates." *Hudson*, 503 U.S. at 6. In analyzing the relationship between the need for force and the force used, the *Whitley* Court has emphasized that simple overreaction by an officer is not enough to establish an Eighth Amendment violation. *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1092-93 (S.D. Cal. 2006) (finding no evidence to demonstrate an issue of material fact as to the need for force where the only evidence provided by the plaintiff was a self-serving declaration, but the defendants submitted incident reports that all consistently stated that the plaintiff was resisting). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Plaintiff asserts there is a triable issue of material fact because he was strangled by Defendant without provocation. However, Plaintiff has provided no evidence, outside of

7

his declaration, that demonstrates that such an incident occurred. Rather, the evidence provided by both parties consistently indicates force was used against Plaintiff due to his disruptive behavior. Moreover, the medical reports provided by both parties do not support a finding that Plaintiff was strangled.

"The allegation of excessive force by a staff member, without more, does not create a genuine issue of material fact for trial because objectively unreasonable force is not enough to establish an Eighth Amendment violation; rather, the force applied must have been malicious and sadistic." *Wilkins*, 455 F. Supp. 2d at 1095. Plaintiff has provided no evidence, outside of his declaration, that Defendant applied force maliciously or sadistically.

Viewing the evidence and making all inferences in favor of Plaintiff, no rational trier of fact could find for Plaintiff based on a conclusory statement in the face of multiple, consistent reports that Defendant used force to stop Plaintiff from resisting. Accordingly, this factor weighs in favor of Defendant.

### iv. Threat Perceived

The need for force must also be determined by the "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officers on the basis of the facts known to them." *Whitley*, 475 U.S. at 321. The *Whitley* Court noted that Courts should remain mindful that "in making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used." *Whitley*, 475 U.S. at 320.

Defendant claims that Plaintiff was a high risk inmate based on Plaintiff's history of aggression against officers. (Def's Mot. at 2:13-14.) Plaintiff was dressed in a green

15-CV-573-JLS(WVG)

jumpsuit during his court appearance, indicating his status as a high risk inmate.[3] (*Id*.; *see also* Pl's Opp'n at 5:13-14.) Plaintiff admits he attempted to turn and curse at Defendant when being escorted from the courtroom. (Pl's Decl. at 9:6-9.) Plaintiff's own undisputed evidence shows he was then "thrashing" while continuing to yell at Deputy Gonzalez and curse at him. (Pl's Decl. at 53.) Thus, even when viewing the facts and making all inferences in Plaintiff's favor, the information available to the officers at the time of the incident was sufficient to cause Defendant to believe that Plaintiff's behavior constituted a threat to the officers and other inmates, requiring him to use force to control Plaintiff. Accordingly, this factor weighs in favor of Defendant.

### v. Efforts to Temper Force

The deputies increased the amount of force they used in response to Plaintiff's movements during the course of the incident and ceased using force when Plaintiff calmed. Defendant grabbed Plaintiff's shirt "to help guide him safely around a door that was directly in front of him" because Plaintiff was cross-chained in restraints. (Pl's Decl. at 49.) Plaintiff then "appeared bothered" that Defendant was holding his shirt "and pulled his right shoulder hard, attempting to break away from [Defendant's] grasp." (*Id*.) The evidence provided indicates that Plaintiff was moved to the ground after continuing to attempt to break free. (*Id*.) The deputies applied body weight to Plaintiff's torso and held his legs and feet down. (*Id*.) The undisputed evidence shows that as soon as Plaintiff calmed, he was raised to his feet and removed from the courtroom. (*Id*.) Under these circumstances, and making all inferences in Plaintiff's favor, Defendant made an effort to temper the amount of force they used in response to Plaintiff's resistance and stopped

---

[3] Plaintiff argues that his risk level and the fact that he was wearing a green jumpsuit is immaterial. (Pl. Opp'n at 5:14-18.) The Court disagrees with both assertions. The threat level of an inmate, especially one with a history of assaults on an officer, is especially material when reviewing the threat perceived by an officer. Moreover, where the threat level of an inmate is indicated by the jumpsuit color, an officer may use this information when determining the threat perceived, making the color of the jumpsuit worn by Plaintiff material.

exerting force when Plaintiff stopped struggling. Thus, this factor weighs in Defendant's favor.

### 3. Conclusion

In conclusion, all five of the *Hudson* factors weigh in Defendant's favor. Thus, based on the evidence submitted and all inferences made in the light most favorable to Plaintiff, the Court finds that Defendant did not act maliciously and sadistically. Plaintiff has failed to show any genuine issue of material fact which would allow a trier of fact to conclude that Defendant used excessive force in violation of his rights under the Eighth Amendment. Accordingly, the Court finds that Plaintiff has failed to demonstrate that Defendant violated a specific constitutional right.

## F. Clearly Established Right

Because the Court has determined that Plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

## G. Conclusion

The Court finds the facts alleged do not show Defendant violated a constitutional right. Given this, Defendant is shielded by qualified immunity. Thus, the Court **RECOMMENDS** Defendant's motion be **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15-CV-573-JLS(WVG)

## IV. **CONCLUSION**

For the reasons set forth above, the Court **RECOMMENDS** Defendant's motion be **GRANTED**. The Court further **RECOMMENDS** that Plaintiff's cross-motion be **DENIED** as untimely. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **February 28, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation." No replies will be accepted.

**IT IS SO ORDERED**.

Dated: February 14, 2018

_____

Hon. William V. Gallo
United States Magistrate Judge

15-CV-573-JLS(WVG)