UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF DEPUTY GONZALEZ, et al.,<br><br>Defendants. | Case No.: 15-CV-573-JLS (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 90, 101, 110) |

Presently before the Court is Defendant Jose Gonzalez's Motion for Summary Judgment, (ECF No. 90), and Plaintiff's Cross-Motion for Summary Judgment, (ECF No. 101). Magistrate Judge William V. Gallo's has issued a Report and Recommendation advising the Court grant Defendant's Motion and deny Plaintiff's Motion as untimely, ("R&R," ECF No. 111). No Party filed objections to the R&R.

## PROCEDURAL BACKGROUND

Judge Gallo's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual backgrounds as presented by both Parties. (*See* R&R. 2–3.) This Order incorporates by reference the background as set forth therein.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the R&R. (*See* R&R 11 (any party may file objections on or before February 28, 2018).) The Court therefore review the R&R for clear error.

### I. Evidentiary Objection

Defendant submitted an expert report in connection with its Motion. Plaintiff objects to the Court considering the expert report because the report is not sworn under penalty of perjury. Judge Gallo sustained the objection and did not consider the report. This Court agrees and will not consider the report. Plaintiff's objection is **SUSTAINED**.

### II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the grounds of qualified immunity. Judge Gallo found that Plaintiff has "failed to show any genuine issue of material fact which would allow a trier of fact to conclude that Defendant used excessive force in violation of his rights under the Eighth Amendment." (R&R 10.) Judge Gallo found Plaintiff's allegations do not support a statutory or constitutional violation, and Defendant is therefore shielded by qualified immunity. (*Id.*) Plaintiff did not file objections to the

R&R. The Court finds no clear error in the R&R and **ADOPTS** the R&R. Thus, Defendant's Motion for Summary Judgment is **GRANTED**.

### III. Plaintiff's Motion for Summary Judgment

As detailed in the scheduling order dated January 13, 2017, all dispositive motions were due on August 14, 2017. (*See* ECF No. 62 ¶ 8.) Plaintiff filed his Motion on September 7, 2017. Judge Gallo therefore recommends denying Plaintiff's Motion as untimely. (R&R 11.) Plaintiff did not file objections to the R&R. A court may deny as untimely a motion filed after the scheduling order deadline when no modification request has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985). The Court finds no clear error in Judge Gallo's recommendation. The Court therefore **DENIES** Plaintiff's Motion as untimely.

### CONCLUSION

The Court **ADOPTS** Judge Gallo's R&R, **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Summary Judgment. As to the remainder of the case, Plaintiff named various Doe Defendants in his Complaint but has not served them. (*See* ECF Nos. 6–8 (summons returned unexecuted as to John and Jane Doe).) Because Plaintiff has failed to serve the Defendants within the time requirements of Federal Rule of Civil Procedure 4(m), the Doe Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 5, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge